**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEON T. LAMB,

    Plaintiff,

v.                                              Civ. Case No: 8:15-cv-2964-T-24TGW
                                                  Crim. Case No.: 8:09-cr-437-T-24TGW

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This cause comes before the Court on Petitioner Leon T. Lamb's *pro se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1; Cr. Doc. No. 18). The Court will not cause notice thereof to be served upon the United States Attorney and shall proceed to address the matter, because a review of this motion and the record in this case conclusively shows that Petitioner is not entitled to relief.

**I.**     **BACKGROUND**

On November 19, 2009, Petitioner pled guilty to manufacturing and possessing with intent to manufacture 100 or more marijuana plants. On February 26, 2010, Petitioner was sentenced to a term of imprisonment of 188 months. He was sentenced as a career offender. His prior convictions used to enhance him were state of Florida convictions for Aggravated Battery and Battery on a Law Enforcement Officer. Petitioner did not file a direct appeal.

On December 21, 2015, Petitioner moved to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.

Petitioner's motion is untimely.

## II.  PETITIONER'S MOTION IS UNTIMELY

The Antiterrorism and Effective Death Penalty Act of 1996 established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is dated December 21, 2015, and it is deemed to have been filed on that date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

Under § 2255(f)(1), "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Judgment was entered against Petitioner on February 26, 2010. Therefore, for purposes of the limitations period, Petitioner's conviction became final when the 14-day period for filing an appeal elapsed on March 12, 2010. *See* Fed. R. App. P. 4(b)(1). Accordingly, pursuant to § 2255(f)(1), Petitioner was required to file his § 2255 motion by March 12, 2010, in order for it to be timely filed. Petitioner did not submit the instant § 2255 motion to prison authorities for mailing until December 21, 2015. Therefore, Petitioner cannot rely on § 2255(f)(1) to establish the timeliness of his motion.

### A. Timeliness Under § 2255(f)(3)

Petitioner asserts that his § 2255 motion is timely because it asserts a right to relief based on the Supreme Court's recent decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), in which the Court held that one provision of the Armed Career Criminal Act is unconstitutionally vague. However, Petitioner's reliance on *Johnson* is misplaced, because *Johnson* did not announce a right that was "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). The Supreme Court did not make its decision in *Johnson* retroactive to cases on collateral review. In addition, the Eleventh Circuit has not given retroactive effect to *Johnson*. *See In re Franks,* No. 15-15456, 2016 WL 80551 (11th Cir. Jan. 6, 2016), and *In re Rivero*, 797 F. 3d 986 (11th Cir. 2015). Thus, Petitioner cannot rely on § 2255(f)(3) to establish the timeliness of his motion.

### III. CONCLUSION

Petitioner's motion is untimely. It is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, and Petitioner cannot rely on *Johnson* to establish the timeliness of his motion under § 2255(f)(3). Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 18) is **DISMISSED** as untimely.

The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS **FURTHERED ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such

3

a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

      **DONE AND ORDERED** at Tampa, Florida, this 11th day of January, 2016.

                                                SUSAN C. BUCKLEW
                                                United States District Judge

Copy: *Pro Se* Petitioner